# THE ATTORNEY GENERAL *vs.* FOOTE.

### INFORMATION FOR QUO WARRANTO.

Heard February 14.]                    [Decided February 21, 1860.

*Pleading—Statutes, Construction of—Publication of Laws.*

An answer in *quo warranto*, of not guilty, or *non usurpavit*, is bad; it should either justify the holding, or disclaim.

An averment, in a return to a writ of *quo warranto*, that a public statute, by virtue of which the respondent claims the right to hold and exercise an office, was published and went into effect prior to his election and qualification, is not admitted by a demurrer to such return, the time of his election and qualification being stated. The existence or time of the taking effect of such a statute cannot be put in issue, or admitted or denied by the pleadings, but must be determined by the judges themselves.

Courts are bound, ex officio, to take notice as well of the time when public acts go into operation, as of their provisions.

The date of the certificate of the Secretary of State, appended to the published vol-

umes of the laws, will, in the absence of any suggestion which may lead to a more accurate enquiry, be taken to be the date of their publication.

The case of Bridget Boyle, 9 Wis., 264, considered and approved.

The information in this case, by the attorney general, averred that the respondent had usurped and held the office of judge of the municipal court of the city and county of Milwaukee, without legal election, appointment, or authority, &c. Upon this, a summons was issued, on the 22d of August, 1859.

On the 30th of January, 1860, the defendant filed his answer: 1. Denying, in general terms, the averments of the information, or *non usurpavit*. 2. That the " act to establish a municipal court in the city and county of Milwaukee," approved March 18, 1859, was duly published, as required by law, and thereupon went into effect on or before the 28th day of March, 1859; that an election was held on the first Tuesday of April, 1859, in the manner required by law, and by said act; that on that day an election was held in the county of Milwaukee, upon due notice; that the return to such election was made, &c., and the county board of canvassers canvassed the votes, and made a statement thereof, and filed and recorded the same, in the office of the clerk; that the respondent received the greatest number of votes, and was declared elected, &c.; and that he has taken the oath of office, and thereby entered upon and does discharge the office of judge, &c.

To this answer the Attorney General filed a general demurrer.

*James H. Howe*, Attorney General for the state.

An information in the nature of *quo warranto*, calls on the intruder to show by what authority he claims the office; and if the title set up be incomplete, the people are entitled to judgment.   15 Johns. Rep., 388.

*Non usurpavit* is a bad plea, because it does not answer the charge, which is to show by what warrant or authority the defendant claims.   4 Cow., 118, and authorities there cited.

The certificate of election is not sufficient, because the act was not published till the 29th of June, 1859, and several months after said election, as decided by this court in the case of *The State vs. Bridget Boyle*, not yet reported.

*H. L. Palmer*, for the respondent.

1. The supreme court has no original jurisdiction or authority over the subject of this action, and cannot hear, try, and determine the same, except as an appellate court. Sec. 3, Art. VII, constitution ; Rev. Statutes 1849, chap. 126, § 28 ; Rev. Stat. 1859, chap. 116. § 5 ; id. §§ 1 and 2 ; Bacon Ab., "Information D," and cases cited.

2. The plaintiff named in the information and summons is "Gabriel Bouck," and not "the state of Wisconsin." The provisions of the Revised Statutes, chap. 160, sec. 6, part 4, seem to be peremptory on this subject.

*By the Court,* DIXON, C. J.   The demurrer of the attorney general to the answer of the respondent, must be sustained. The first separate defense set up in the answer, that the respondent has not usurped, &c., is bad.   It does not answer by what warrant or authority he claims title to the office, which the writ calls upon him to show.   He must either justify or disclaim ; and not guilty, or *non usurpavit,* are bad answers.   4 Cowen, 118 ; 15 John., 338.

The defense secondly set up is also bad ; for although it is alleged that chapter 199 of the local laws of 1859, entitled, "An Act to establish a municipal court in the city and county of Milwaukee," was duly published, as required by law, and went into effect before the day on which the respondent claims to have been elected to the office of municipal judge, by virtue of its provisions, yet as it is a public statute, of which we are bound *ex officio* to take notice, as well as to the *time* it went into effect, as to its provisions, this allegation is not admitted, or to be taken to be true by the demurrer.   The existence, or the time of the taking effect of a public act, cannot be put in issue, or admitted or denied by the pleadings, but must be determined by the judges themselves.   Sedgwick on Stat. and Con'l Law, 34; id., 118; Dwarris, 467.   That the act in question is public, was determined by this court, *In the matter of Bridget Boyle's Petition for a writ of ha-*

*beas corpus, &c.,* 9 Wis., 264. We likewise in that case, as on previous occasions, held that in the absence of any suggestion which might lead to a more accurate inquiry, the date of the certificate of the Secretary of State, appended to the published volumes of the laws, would be taken to be the date of their publication and taking effect. The certificate is dated June 29th, 1859, and we accordingly there held, that the act went into operation on that day. No suggestion of any other or prior publication is made in this case; and our conclusion must therefore be the same. The election and qualification of the respondent, at the time alleged in his answer, without warrant of law, were consequently null and void. *Commonwealth vs. Fowler,* 10 Mass., 295.

The demurrer must be sustained, and judgment of *ouster* go against the respondent.

