## Petition of FERDINAND BERGIN.

### (Habeas Corpus.)

CONSTITUTIONAL LAW. (1) *Criminal Information: ch.* 137, *Laws of* 1871.
(2) *General Law — Municipal Court.* (3) *Involuntary Servitude —
Crime — Constitution, art. I., sec. 2.* (5–8) *Houses of Correction.*
MUNICIPAL COURT OF MILWAUKEE. (9) *Jurisdiction, etc., in criminal ac-
tions.*

1. *Rowan v. The State* (30 Wis., 129), holding valid ch. 137, Laws of 1871
   (which authorizes the commencement of criminal prosecutions by
   *information* instead of indictment), is here followed.
2. The act of 1859 establishing the municipal court of Milwaukee is a
   *general* law (*In re Boyle,* 9 Wis., 264); and sec. 56, ch. 137, Laws of
   1871 (which declares that all the provisions of said chapter shall ap-
   ply to that court), is also in the nature of a general law, and is valid,
   sec. 18, art. IV. of the state constitution not applying to it.
3. Any wrong against the public, punishable in a criminal proceeding
   prosecuted by the state in its own name, or in the name of the peo-
   ple, or of the sovereign, is a *crime,* within the meaning of sec. 2, art
   I. of the state constitution, which forbids involuntary servitude ex-
   cept as a punishment for a crime.

4. The legislature may therefore authorize a person convicted of a *misdemeanor* (as an assault) to be sentenced to imprisonment at hard labor.
5. All boards of county supervisors in this state are authorized to establish *houses of correction* for the confinement at hard labor of persons convicted of crime, and the court in which such conviction is had, when the term of imprisonment exceeds six days, may sentence the prisoner to be kept at hard labor in such houses. (Tay. Stats., 1948, §§ 5, 6.)
6. The act authorizing the courts of Milwaukee county to pronounce such sentences is therefore not invalid on the ground that it applies to no other county in the state.
7. Whether the act would be invalid if the courts of other counties were not authorized by law to pronounce a similar sentence, is not here decided.
8. This court held in *State ex rel. Kennedy v. Brunst* (26 Wis., 412), that the provision in ch. 332, P. & L. Laws of 1870, which required the *sheriff* of Milwaukee county to *deliver to the inspector* of the house of correction all prisoners previously in his custody in the county jail, was invalid; but it has not decided that such house of correction is not a legal county jail for the confinement of prisoners sentenced to hard labor therein.
9. In all criminal matters of which it has jurisdiction, the powers of the municipal court of Milwaukee are as ample, and its duties the same, as those of the circuit court in like cases.

CERTIORARI to the Judge of the Second Circuit.

In April, 1872, an information was duly filed in the municipal court of the county of Milwaukee, by the district attorney of that county, which charges that on the 10th day of February, 1872, at said county, the plaintiff in error "did willfully, feloniously and of his malice aforethought, assault, beat, wound and ill-treat Julius Schroeder, with intent, then and there, him, the said Julius Schroeder, willfully, feloniously and of his malice aforethought, to kill and murder, against the peace and dignity of the state of Wisconsin." The plaintiff in error was arraigned upon this information, and, after a motion to quash the same had been overruled by the court, pleaded not guilty to the charge against him. He was afterwards tried and convicted of an assault, whereupon he moved in arrest of judgment, which motion the court overruled, and sentenced him to five

In re Ferdinand Bergin.

months' imprisonment at hard labor in the house of correction of Milwaukee county; and he was thereupon delivered into the custody of the keeper or inspector of that institution, and confined therein pursuant to such sentence. The grounds upon which the motion to quash the information, and the motion in arrest of judgment, were made, are stated and discussed in the opinion.

Subsequently the plaintiff in error was brought before the Hon. David W. Small, the judge of the second judicial circuit, on a writ of *habeas corpus* allowed by that officer; and, the foregoing facts being made to appear by the petition for such writ and the return thereto of such keeper or inspector, to whom it was directed, Judge Small was of the opinion that the plaintiff in error was not entitled to be discharged, and remanded him to the custody of the keeper or inspector of the house of correction.

A writ of *certiorari* was issued by this court to remove the proceedings on the *habeas corpus* before Judge Small, and his order thereupon, to this court for review; and the return thereto shows the foregoing state of facts.

*E. Fox Cook*, for the plaintiff in error.

*The Attorney General*, contra.

LYON, J. The reasons assigned by the learned counsel for the plaintiff in error why the order of the circuit judge refusing to discharge his client from custody should be reversed, include those urged in the municipal court in support of the motions to quash the information and in arrest of judgment. Such of them as are deemed material will be considered in their order.

I. It is argued that the act of 1871, ch. 137, authorizing the commencement of criminal prosecutions by information instead of indictment, is unconstitutional and void. In *The State v. Rowan*, decided since the *habeas corpus* proceedings were commenced, this court, after very grave consideration, held other

In re Ferdinand Bergin.

wise. That question is not, therefore, an open one in this state, and no further discussion of it is necessary in this case.

II. Although the act of 1871 provides in terms that all of its provisions shall apply to the municipal court of the city and county of Milwaukee (sec. 56), yet it is claimed that this provision is inoperative and void, for the reasons (if we understand the argument), that such court is a local tribunal, and the law creating it is, therefore, a private and local law, and, inasmuch as the act of 1871 contains other matters, and this particular subject is not expressed in the title, as regards this merely private and local matter the provision is a violation of art. IV., sec. 18, of the constitution. A short and most conclusive answer to this position is, that this court in *In re Boyle*, 9 Wis., 264, held that the act of 1859 establishing such court is a general law.

III. The next position taken on behalf of the plaintiff in error is, that under sec. 2 of art. I. of our constitution, involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, is prohibited, and that the sentence that he be imprisoned at hard labor, which is involuntary servitude, is a violation of that constitutional provision, because he has not been convicted of a *crime*, but only of a *misdemeanor*.

A "*crime*" is defined by Blackstone to be " an act committed in violation of a public law either forbidding or commanding it." 4 Bl. Com., 5. By this is meant, of course, those wrongs of which the law takes cognizance as injurious to the public, and punishes in what is called a criminal proceeding, prosecuted by the state in its own name, or in the name of the people or the sovereign. 1 Bishop on Cr. Law, § 32. Blackstone also defines a misdemeanor to be a less heinous species of crime; an indictable offense not amounting to felony.

These definitions are correct beyond all question; and they show that a misdemeanor is a crime, in the sense in which the

word " crime " is used in the law. We must presume that the word is used in the same sense in the constitution. It follows that it is competent for the legislature to authorize the courts to sentence persons convicted of misdemeanors to imprisonment at hard labor.

IV. But we understand the counsel to argue that the law which assumes to authorize the courts of Milwaukee county to sentence persons so convicted to confinement at hard labor in the house of correction, is unequal in its operation in that it applies to no other county in the state, and is therefore void. We do not find it necessary to decide whether the law would be void for that reason, because the argument is based upon a misapprehension of the facts. In 1859, the legislature enacted as follows: " Whenever any person shall hereafter be convicted of any criminal offense, and sentenced to imprisonment in the county jail for a term exceeding six days, the court may also sentence such person to be kept at hard labor during the term of his or her imprisonment, either within or without the jail, as hereinafter provided." Tay. Stats., 1948, § 5. The subsequent section empowers boards of county supervisors to adopt such orders, rules and regulations as they may deem best for carrying out the provisions of the statute in that behalf. The power thus granted is full and complete, and probably authorizes each such board of supervisors to establish a house of correction. And it is believed that if those boards would exercise that power more freely, or if they would in some other manner provide the necessary facilities for employing those prisoners in the county jails under sentence, in some branch of productive labor, and if the legislature would make it compulsory upon the courts to sentence to hard labor in all cases where imprisonment in the county jail is awarded against any convict, the public interests and the best interests of the prisoners themselves would be thereby greatly promoted.

The law which authorized the establishment of a house of correction is not, therefore, peculiar to that county, at

least not necessarily so; and there is no court of criminal jurisdiction in this state which is not empowered by law, in proper cases, to sentence persons convicted of misdemeanors to confinement at hard labor. Hence the law is equal in its operation throughout the state.

Besides, ch. 332, P. & L. Laws of 1870, makes the house of correction of Milwaukee the county jail of that county. It is true that in the case of *State ex rel. Kennedy v. Brunst*, 26 Wis., 412, this court held that the provision contained in the act which required the sheriff to deliver to the inspector of that institution all prisoners in his custody in the former jail of that county, is unconstitutional and invalid. But the court did not hold, and is not now prepared to hold, that such house of correction is not a legal county jail for the confinement of persons sentenced to imprisonment at hard labor therein.

V. The other objections of any importance to the legality of the conviction and sentence of the plaintiff in error seem to be included in the proposition or claim that the municipal court had not as plenary power in the matter as a circuit court would have had under the constitution and general laws of the state. The proposition is entirely untenable; for, by the act of 1859 creating the municipal court, the general laws of the state relating to the powers and duties of courts of record in criminal cases were expressly extended to, and conferred upon, such court. (Sec. 10). Hence in all criminal matters of which it has jurisdiction, the powers of that court are as ample and complete, and its duties are the same, as are the powers and duties of the circuit court in like cases.

We think that the plaintiff in error was lawfully imprisoned in the house of correction, and that Judge SMALL was correct in remanding him to the custody of the inspector thereof.

*By the Court.* — Order affirmed.