State ex rel. Richter v. Chadbourne, 162 Wis. 410.

## STATE EX REL. RICHTER VS. CHADBOURNE.

*January 14—February 22, 1916.*

*Supreme court: Original jurisdiction: Constitutional law: Statutes: General or local? Creation of superior court in county: Abolition of county court: Title of local law: Failure to express subject: When statute wholly void.*

1. In view of the public rights that may be affected, and on the ground that the remedy through the circuit court and to this court by appeal is inadequate because of the long delay involved, the supreme court entertains original jurisdiction of an action of *quo warranto* to test the constitutionality of chs. 518, 589, Laws 1915, which create a superior court in Fond du Lac county, with extensive civil and criminal jurisdiction, and abolish the county court and vest its powers in the new court so created.

2. A law may be general within the meaning of sec. 21, art. VII, Const. (providing that "no general law shall be in force until published"), and at the same time be local within the meaning of sec. 18, art. IV (providing that "no private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title").

3. If, after giving the title of a private or local law a liberal construction, including within its meaning all matters reasonably germane thereto, it is found that the body of the act contains matters of substance foreign to the title so construed, then such law falls within the condemnation of the constitution.

4. Ch. 518 (amended by ch. 589), Laws 1915, creating a superior court in Fond du Lac county and abolishing the county court therein, being limited in its effect to the boundaries of that county, is a local law within the meaning of sec. 18, art. IV, Const.; and the omission from the title of any reference to the abolition of the county court brings it within the condemnation of that section.

5. Statutes void in their main purpose or void as to a substantial part which is closely interrelated with other substantial parts thereof are void *in toto*.

6. The creation of the superior court in Fond du Lac county and the abolition of the county court are so closely interrelated that ch. 518, Laws 1915, and the amending act, ch. 589, are void not merely so far as they affect the county court but *in toto*.

BARNES, J., dissents.

ORIGINAL ACTION of *quo warranto* brought in this court on the relation of *A. E. Richter* against *F. W. Chadbourne* to test the constitutionality of chs. 518 and 589 of the Laws of 1915, creating a superior court of Fond du Lac county and abolishing the county court thereof. In April, 1913, the relator was duly elected county judge of Fond du Lac county for a term of six years from the first Monday of January, 1914. On said last date he duly qualified and entered upon the duties of his office and performed the same until September 2, 1915, when the office was declared abolished by the laws above mentioned and the jurisdiction of the county court transferred to the superior court of Fond du Lac county. The defendant, who was by the governor appointed judge of the newly created superior court, on September 2, 1915, demanded possession of the county court rooms, records, books, papers, and property belonging thereto and threatened relator with legal proceedings of ouster if surrender was not made as demanded. Under written protest the relator surrendered possession, and at the same time he notified the defendant and the county board of supervisors that he claimed the law creating the superior court and abolishing the county court to be invalid. On September 2, 1915, the defendant took possession of the rooms and property of the county court and has since acted as judge of the superior court of Fond du Lac county and has exercised the jurisdiction theretofore exercised by the county court.

The provisions of ch. 518 which relate to the county court are as follows:

"Sec. 65. From and after September first, 1915, all of the powers of the county court of Fond du Lac county and of the county judge shall be and hereby are transferred to and vested in the superior court of Fond du Lac county and its judge.

"Sec. 66. From and after the first day of September, 1915, the county court of Fond du Lac county shall be and

412 . SUPREME ·COURT OF WISCONSIN. [FEB.

State ex rel. Richter v. Chadbourne, 162 Wis. 410.

hereby is abolished and the office of the judge of said county
court vacated.

"Sec. 67. All matters and proceedings pending before the
county court of Fond du Lac county or the judge thereof on
September first, 1915, shall be and hereby are transferred to
and vested in the jurisdiction of the superior court of Fond
du Lac county and of its judge.

"Sec. 68. All of the records, files, proceedings and prop-
erty of the county court of Fond du Lac county on Septem-
ber first, 1915, shall be and hereby are turned over to and
vested in the superior court of Fond du Lac county and its
judge.

"Sec. 69. The provisions of law with reference to the office
of register in probate of the county court of Fond du Lac
county shall apply to and provide for a register in probate
for the superior court of Fond du Lac county."

Ch. 518 was entitled "An act to create a superior court in
the county of Fond du Lac." Ch. 589 was entitled "An act
to amend sections 3, 5, 12 and 64 of chapter 518 of the Laws
of 1915, relating to the superior court of Fond du Lac
county." The amendments do not affect any question ma-
terial to the determination of the case.

For the plaintiff there were briefs by *Doe, Ballhorn,
Wilkie & Doe,* and oral argument by *J. B. Doe* and *Harold
M. Wilkie.*

For the defendant there was a brief by *H. E. Swett, T. L.
Doyle,* and *R. L. Morse,* attorneys, and *J. M. Gooding, F. A.
Foster, D. D. Sutherland, L. E. Lurvey,* and *F. Ryan Duffy,*
of counsel; and the cause was argued orally by *Mr. Doyle*
and *Mr. Morse.*

VINJE, J. In the *Income Tax Cases,* 148 Wis. 456, 134
N. W. 673, 135 N. W. 164, the question of the original juris-
diction of this court was treated so fully that only a brief ref-
erence to the subject need now be made. It was said in sub-
stance that where in a matter of public right the remedy in

the lower court is entirely lacking or absolutely inadequate this court will take original jurisdiction to the end that justice shall not be denied. In this case there is no lack of jurisdiction in the circuit court, but in view of the public rights that may be affected by the acts of the newly created court whose process runs to all parts of the state and which has civil jurisdiction up to $25,000, and jurisdiction of all criminal cases except homicide, it is deemed that the remedy through the circuit court and to this court by appeal is inadequate because of the long delay involved. The rights of litigants who may desire or be compelled to resort to that court and the importance of the probate business of Fond du Lac county that must be transacted therein, alike call for a speedy determination of the question of the validity of its creation. For these reasons this court entertains original jurisdiction of the case.

The relator urges a number of constitutional objections to the validity of ch. 518 of the Laws of 1915, creating the court. Many of them are of such importance and so far reaching in their results that it has been thought best not to pass upon them in this case since its disposition can be rested upon only two of them, namely: first, that ch. 518 is a local bill within the meaning of sec. 18, art. IV, of the constitution, and second, that its subject is not expressed in the title as required by said section, which reads: "No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title."

In *Milwaukee Co. v. Isenring,* 109 Wis. 9, 85 N. W. 131, the cases in this state involving the question of when a law is general or local within the meaning of the constitutional provision above quoted were reviewed at length, and it was there held that a law might be public and local, or it might be general in the restricted sense in which the term is used in sec. 21, art. VII, of the constitution, which provides that "no gen-

eral law shall be in force until published," and at the same time be a local law; the word "general" as here used meaning public in the sense that it affects the public at large in a single defined subdivision of the state such as a county, town, city, or village, or a collection of such localities not constituting a legitimate class for purposes of legislation, and still is local within the meaning of sec. 18, art. IV, because affecting but a single locality not constituting a legitimate class for legislation.   It was also held in that case that a bill entitled "An act in relation to sheriff's fees," which dealt with the compensation of the sheriff of Milwaukee county only, was local in character.   In *Wagner v. Milwaukee Co.* 112 Wis. 601, 88 N. W. 577, the same construction was given to an act authorizing any county to build a viaduct costing not less than $80,000, with other conditions, because it could apply only to Milwaukee county.

The law in question deals with the establishment of a superior court in Fond du Lac county and the abolishment of its county court.   It is limited in its effect to the boundaries of Fond du Lac county and therefore local in character. True, it is public or general in the sense that it may affect publicly or generally all the people of the county or outside thereof, but it deals with the establishment and abolition of courts of a specified locality which does not constitute a class for purposes of legislation.   So within the rule laid down in the case of *Milwaukee Co. v. Isenring, supra,* it must be held to be a local law coming within the provisions of sec. 18, art. IV, of the constitution.

The failure of counsel for defendant to realize that a law may be general or public within the meaning of sec. 21, art. VII, and still be local within the meaning of sec. 18, art. IV, has led them to claim that acts like the one in question have been held to be not local in these cases: *In re Boyle,* 9 Wis. 264; *In re Bergin,* 31 Wis. 383; *State ex rel. Att'y Gen. v. Foote,* 11 Wis. 14; *Meshke v. Van Doren,* 16 Wis. 319.

Only the case of *In re Bergin,* 31 Wis. 383, lends color
to this claim.    There the question was whether ch. 137, Laws
of 1871, which authorized the commencement of criminal
prosecution by information instead of indictment, applied to
the municipal court of Milwaukee county.    It was claimed
it did not because the act creating that court was a local act.
The court says: "A short and most conclusive answer to this
position is, that this court in *In re Boyle,* 9 Wis. 264, held
that the act of 1859 establishing such a court is a general
law."    This ruling must be deemed to stand on a par with
that of *Zitske v. Goldberg,* 38 Wis. 216, referred to by
Mr. Justice MARSHALL in *Milwaukee Co. v. Isenring,* 109
Wis. 9, 14, 85 N. W. 131, as a case where, without discus-
sion, the words "local" and "general" in its restricted sense
were held not applicable to the same act.    For in *In re Boyle*
the only point decided bearing upon the question under con-
sideration was that the act creating the municipal court of
Milwaukee county was a general act within the meaning of
sec. 21, art. VII, of the constitution, requiring it to be pub-
lished before it took effect.    In *State ex rel. Att'y Gen. v.
Foote,* 11 Wis. 14, the same act was held to be public and
that judicial notice of its publication would be taken.    In
*Meshke v. Van Doren,* 16 Wis. 319, an act conferring upon
the county court of Winnebago county jurisdiction concur-
rent with the circuit court up to $500 was held to be a public
act of which the court would take judicial notice.    So it ap-
pears that none of the cases relied upon except *In re Bergin,*
31 Wis. 383, bear out the claim made, and that the latter case
as to this question was based upon the misconception that an
act could not be both general and local, though the court in
*State ex rel. Cothren v. Lean,* 9 Wis. 279, after a full discus-
sion and mature consideration had decided that it could.
That such decision has since been quite consistently adhered
to is pointed out in *Milwaukee Co. v. Isenring,* 109 Wis. 9,
85 N. W. 131.

The readjustment of local courts in Fond du Lac county constituted the subject of ch. 518, and the main purpose thereof was twofold: first, the creation of a new court called the superior court, and second, the abolition of the county court. Of such main purpose only one half is expressed in the title, namely, the creation of the new court. The abolition of the county court is not mentioned therein, though such court was created pursuant to constitutional provisions as early as 1849 and has continued in existence ever since. Not only is that true of Fond du Lac county, but it is true of every other county in the state since its organization as a county. All counties have county courts exercising general probate jurisdiction, while some have limited civil or civil and criminal jurisdiction in addition to their probate jurisdiction. Pursuant to the provisions of sec. 14, art. VII, of the constitution, ch. 86 of the Statutes of 1849 abolished the office of judge of probate and established county courts in each of the counties of the state. The constitution also provides for the establishment of municipal and inferior courts. Sec. 2, art. VII. We have at present thirty-three municipal courts, one superior court, one district court, and one civil court consisting of seven branches. In the establishment of all these courts the probate jurisdiction of a county court has not been invaded, much less has such a court been abolished. It is obvious, of course, that, where a new court is created in a locality already supplied with courts having jurisdiction of all cases that may arise, the new court must at least have concurrent jurisdiction with existing ones, and that it may take away entirely some jurisdiction from other courts. But the creation of one court does not naturally or reasonably imply the abolishment of another, and especially is this so where the new court is styled a superior court. Previous to the attempted abolishment of the court in question we have had only two superior courts, that of Milwaukee county, now abolished, and that of Douglas county. The

creation of neither of those interfered with the probate jurisdiction of the county court of the county in which it was organized or abolished an existing court. Since during the establishment of all these courts the probate jurisdiction of county courts has been kept inviolate, how could the people of Fond du Lac county dream that they were to be deprived of their county court when they read that ch. 518 was "An act to create a superior court in the county of Fond du Lac?" Conceding, as this court has held time and again, that a title must be liberally construed, and must be held to include within it anything reasonably germane to the expressed subject, still it cannot, in view of the history of the creation of previous courts as well as in view of the lack of any logical connection between the creation of a superior court and the abolishment of a county court, be held that the title in question includes within it the idea that the county court of Fond du Lac county was to be abolished.

So far as it has come to our attention, acts abolishing an existing court and creating a new one or transferring the entire jurisdiction of one court to another, have referred to the existing court in their title. Thus ch. 107 of the Laws of 1873 changed the name of the police court to the municipal court and enlarged its jurisdiction. Its title was "An act relating to the police court of the city of Madison." Ch. 146 of the Laws of 1876 established a municipal court in Marathon county. In 1879 the court was abolished and a new one created by ch. 115 of the Laws of 1879. The title of the latter act was "An act to establish a municipal court in the city of Wausau and county of Marathon, *and to repeal chapter one hundred and forty-six, general laws of 1876.*" The superior court of Milwaukee county was created by ch. 125 of the Laws of 1887. In 1903 it was abolished by ch. 1 of the laws of that year entitled: "An act to repeal the acts establishing a superior court for Milwaukee county and providing for the transfer of causes and proceedings pending

therein to the circuit court for the second judicial circuit." An examination of nearly a dozen acts creating other inferior courts of record in this state has failed to disclose a single case of the inclusion of matters foreign to the main subject of the act.

The constitutional prohibition against the passage of private or local laws whose subjects are not expressed in their title has a substantial foundation for its existence. That it was considered important by the framers of the constitution is evidenced by the fact that it found a place in the basic law of the state. It is of no less importance now than then. The mischief of smuggling private or local laws through the legislature under false, inadequate, or misleading titles is a serious one, and whenever such smuggling, whether intentional or not, is found to have taken place, courts should not hesitate to declare a law so passed invalid. No branch of the government however high is above a constitutional prohibition or safeguard, and no citizen however low is outside their beneficial protection. Within the scope of its operation the constitution acts upon all alike.

If after giving the title of a private or local law a liberal construction, including within its meaning all matters reasonably germane thereto, it is found that the body of the act contains matters of substance foreign to the title so construed, then such law falls within the condemnation of the constitution. We think the titles of chapters 518 and 589 of the Laws of 1915, though liberally construed, fail to meet the requirements of the basic law and hence they are declared invalid.

They are void not only in so far as they affect the county court but *in toto,* because from the whole scheme of the acts we cannot assume the legislature would have created a superior court in Fond du Lac county without abolishing the county court. The two are so interrelated in the acts that they must stand or fall together. Statutes void in their main purpose or void as to a substantial part which is closely

interrelated with other substantial parts thereof are void *in toto*. *Chicago, M. & St. P. R. Co. v. Rock Co. S. Co., ante,* p. 374, 156 N. W. 607, and cases cited.

*By the Court.*—It is considered, ordered, and adjudged that the defendant, *F. W. Chadbourne,* has no right to the office of county judge of Fond du Lac county or to the exercise of the functions or duties thereof, and that he be ousted and excluded therefrom.

That the relator, *A. E. Richter,* is and has been since the 1st day of September, 1915, entitled to the said office by virtue of the election and qualification alleged in the complaint, and to the franchises, privileges, and emoluments thereof, and that he have and recover of the defendant, *F. W. Chadbourne,* his costs of this action, to be taxed by the clerk.

BARNES, J. (*dissenting*). The method here pursued of disposing of a public officer is not one calculated to create a very favorable impression. What the reasons were for attempting to legislate *Judge Richter* out of office I do not know. The fact that the movement seems to have had the backing of nearly the entire bar of Fond du Lac county negatives the idea that partisan politics entered into the matter. At the same time the lengthy postponement of the time at which an election could be held would seem to indicate that the Judge might be more popular with the electors than he was with the lawyers. These are considerations, however, which do not concern this court. The question is, Had the legislature the right to enact such a law as it did, and, if so, did it proceed in a constitutional manner in doing so?

The constitution expressly authorizes the legislature to abolish the office of judge of probate. Sec. 14, art. VII, Const. This is what *Mr. Richter* was. So I think we have no debatable question so far. There is some conflict in the decisions as to whether such a law as we have here is general or local. Perhaps the weight of authority accords with the

conclusion of the court; so I find no fault with the decision in this regard. I do not believe that the title is fatally defective.

In speaking of the sufficiency of the title to a local law, this court said in *In re Southern Wis. P. Co.* 140 Wis. 245, 251, 122 N. W. 801:

"An act of the legislature should not be adjudged invalid except upon clear and unmistakable grounds, and the title of a private or local act should be liberally construed, and the act should not be declared void merely because such title does not express the subject as fully or as unequivocally as possible. *Mills v. Charleton,* 29 Wis. 400. The title to an act must be liberally construed, giving all reasonable leeway for the exercise of legislative discretion. It should not be held insufficient if a reasonable doubt exists as to its sufficiency. It is only where the title is so insufficient and so defective as not to reasonably suggest the purpose of the act it covers, and where a reading of the act will disclose provisions that are clearly outside of its title, that it will be held invalid. *Milwaukee Co. v. Isenring,* 109 Wis. 9, 24, 85 N. W. 131. The title to a legislative act must not only be liberally construed, but the act should not be condemned as insufficient because of the title, unless, giving such title the largest scope which reason will permit, something is found in the body of the act which is neither within the literal meaning nor the spirit of the title nor germane thereto."

The law in question is entitled "An act to create a superior court in the county of Fond du Lac." Every provision in it which confers jurisdiction is germane to the title. Certainly the legislature could lawfully under this title transfer to the new court every shred of jurisdiction theretofore exercised by the county judge and leave him so that he could not perform a single judicial function. To say that it could not go farther and wipe out the office, where there was nothing left for the officer to do, without stating in the title that such was one of the purposes of the act, is to my mind drawing a pretty fine line. Of course the purpose of the constitutional

provision is apparent.   But in these days when great pub-
licity is given to pretty much everything that is so, and to a
great deal that·is not so, the chances that people were not in-
formed as to what was going on are remote.   The legislature
must be given credit for honesty of purpose and of intending
at least to follow the mandates of the constitution.   We can-
not assume that there was any intention on its part to smug-
gle through·legislation without giving interested parties an
opportunity to be heard.   Having taken all jurisdiction
away from the county judge, as the legislature had the un-
doubted right to do under the title, I think the clause abol-
ishing the office was germane to the act.