## APPEAL OF EDWARD SCHÆFFNER.

CONSTRUCTION OF WILLS: COUNTY COURT. *(1) Power of county court to construe wills. (2) When such power to be exercised. (3) Notice of application for order finally disposing of estate. (4) How county judge disqualified.*

1. The county court has jurisdiction to give construction to wills, when that is necessary to a due administration of the estates of deceased persons; and it may exercise such jurisdiction as fully as a court of equity. *Brook v. Chappell, 34 Wis., 419.*
2. Where an executor, on filing his account of his administration of the estate, represents that disputes have arisen among the legatees as to the proper construction of the will and the distribution and disposition of the estate, and prays the county court to construe the will, and the court proceeds, upon notice to other parties interested, to make an order construing the will and determining the rights of the parties, such order cannot be regarded as premature.
3. The statute not prescribing what notice shall be given to the parties interested in the proceeding for finally disposing of an estate, the county judge may prescribe the notice under sec. 42, ch. 117, R. S.; and upon notice so given the court has jurisdiction of all persons interested, and its order, if otherwise sufficient, is binding upon them.
4. A county judge is not disqualified from making such an order by the fact that, before he was chosen such judge, he had been of counsel for one of the parties interested in the estate.

APPEAL from the Circuit Court for *Walworth* County.

The will of the testator was duly admitted to probate by the county court, and letters testamentary were issued to the person named therein as executor. Afterwards the executor filed his account of the administration of the estate of his testator. He also represented to the court that disputes had arisen

among the legatees concerning the proper construction of the will and the distribution and disposition of the estate, and prayed the court to construe the will and determine the respective interests of the parties entitled to the estate. Subsequently *Edward Schæffner*, who is named as a legatee in the will, joined in such request. Thereupon the court made the following order:

"Upon the petition of Jacob Wolf, executor of the last will and testament of Carl Schæffner, deceased, and of *Edward Schæffner*, one of the legatees named in said will, it is ordered that all parties interested in the last will and testament of the above named deceased, show cause before this court, at the office of the county judge, in the court house in the city of Milwaukee, on the 19th day of December, 1874, at the hour of ten o'clock A. M. of that day, why the court should not then proceed to give such construction to the will as may be deemed just, and then and there determine and adjudge the interests of the several legatees and devisees; and why, if deemed proper, the residue of the estate should not be assigned to such persons as are by law and the provisions of said last will entitled to the same; and why such other or further order should not then be made in said premises as may seem to be just and equitable.

"And it is further ordered that notice thereof be given to all parties interested, by publication in the Milwaukee Daily News, at least once a week, for three successive weeks, prior to said hearing."

Notice was duly published as required by said order. The county court thereupon made an order giving construction to the will and determining the rights under it of the respective parties interested. The executor appealed from said order to the circuit court. That court held, among other things, "that the time for construing such will has not yet arrived," and simply reversed the order appealed from without construing the will.

From this order of the circuit court, *Edward Schæffner* appealed.

For the appellant, a brief was filed by *Cotzhausen, Smith, Sylvester & Scheiber*, and the cause was argued orally by *Mr. Cotzhausen*. They contended, 1. That, as incidental to the power of settling and distributing an estate (ch. 103, R. S.), the county court has full power to determine the proper construction of the will. *Jackman Will*, 26 Wis., 104; *Tryon v. Farnsworth*, 30 id., 577; *Brook v. Chappell*, 34 id., 405; *Chandler's Appeal*, id., 505. 2. That the fact that the county judge had once been of counsel for one of the parties, did not render him interested, and was no ground for a removal of the proceedings. *Morgan v. Hammett*, 23 Wis., 30.

For the respondent, a brief was filed by *Howard & Thompson*, and there was oral argument by *Samuel Howard*. They contended, among other things, that the county court had no jurisdiction to pass upon the questions here involved. It is a court of limited and purely statutory jurisdiction. It has no original equity jurisdiction, and could not entertain an independent equitable suit for the construction of a will. 4 Chand., 56; 13 Wis., 291. It has jurisdiction over the probate of wills and the settlement of estates; and the settlement of the rights of heirs and others under a will, would be upon final decree. In *Brook v. Chappell*, 34 Wis., 405, this court has given the widest range to the jurisdiction of the county court, when it says: "Within its jurisdiction, especially *where the parties opposed in interest are present or are represented*, it may grant any relief consistent with the facts proved, and which the justice of the case demands." But in this case the parties in interest were neither present nor represented; and although they were residents of the county, no provision was made for serving notice of the order upon them personally. 2. The county judge having been of counsel for one of the parties, was interested in the matter before him. This court held in 23 Wis., 40, that a county judge who has been of coun-

sel for parties interested in an estate, may grant a license to sell real estate. But the order in that case was merely ministerial. In this case, the county judge passes upon substantially the same petition which his firm had previously made as attorneys, asking for an order directing the executor to proceed forthwith to a final settlement. Would not this order bring money to the applicant to pay for the services rendered him? Would not the interest of the county judge in that case be direct and personal? As to the practice at common law, see 1 Barn. & Ad., 615; 2 id., 385, 445; 3 id., 10; 6 Barn. & Cress., 585; 2 East, 272, 389, 478, 520, 555; 3 id., 245, 393; 5 Maule & Sel., 103, 475.

[Counsel on both sides also argued at length the merits of the order made by the county court, and the question whether the time had come for a construction of the will.]

LYON, J. The whole case concerning the proper construction of the will and the rights of the several persons interested under it, is discussed in the briefs of counsel. Some of the questions involved are important. But during the progress of the argument at the bar, and after consultation, we informed counsel that in our opinion the only questions presented by this appeal for determination are, whether the county court had jurisdiction, and, if so, whether the order construing the will was made prematurely. We have no doubt the view then taken is correct, and that it would be improper to decide the merits of the case at the present time.

For reasons apparent upon the record, and which we deem it entirely unnecessary to state, if the county court has jurisdiction to make any order in the premises, the time had arrived, when the order appealed from was made, for the court to give construction to the will. This view is sustained by the opinion of DIXON, C. J., on the motion for a rehearing in *Brook v. Chappell*, 34 Wis., 419. The facts of the two cases are different, but the doctrine there asserted is applicable here.

This leaves for our determination only the question of jurisdiction.

That the county court has jurisdiction to give construction to wills when that is necessary to the due administration of the estates of deceased persons, and may exercise the same as fully as can a court of equity, is settled in *Brook v. Chappell*, *supra*. But the jurisdiction of the county court in this particular case is denied upon two grounds: 1. Because (as it is alleged) some of the parties interested under the will had no notice of the proceedings, and were not before the court; and 2. Because the county judge, before he was chosen such judge, had been of counsel for the present appellant.

Neither of these objections is well taken. As to the first, we are not aware of any statute which prescribes what notice shall be given in such cases, although in *Ruth v. Oberbrunner*, 40 Wis., 238, we held (following *Bresee v. Stiles*, 22 id., 120), that only those parties in interest who have notice of the proceedings are bound by the order of the court in a case like this. Here the county judge, by virtue of authority conferred by the statute (R. S., ch. 117, sec. 42), prescribed the notice which should be given of the proceedings, and the same was given accordingly. This gave the court jurisdiction of all persons interested in the proceedings, and binds them by the order, if such order is otherwise sufficient.

The second objection is overruled by the case of *Morgan v. Hammett*, 23 Wis., 30. It was there held that a county judge was not disqualified to grant a license to an administrator to sell real estate to pay debts of the intestate, because he had been of counsel for some parties interested in such sale. That was not (as it is argued) a mere ministerial, but a judicial act, because it required an adjudication of the existence of certain facts essential to a valid license, as that the estate was indebted and that the administrator had no personal property in his hands out of the proceeds of which he might and ought to pay the debts. That case and the case under consideration stand

on the same ground, and should be determined by the same principle.

The order of the circuit court must be reversed, and the cause remanded for further proceedings according to law.

