**WALSH et al. v. E. G. SHINNER & CO., Inc.**

Circuit Court of Appeals, Third Circuit.
July 5, 1927.

No. 3617.

1. **Landlord and tenant ⟨⟩195(2)—Under law of Ohio, landlord, re-entering after vacation of premises by tenant before end of term, must mitigate damages by re-renting to suitable and available tenant.**

Under the law of Ohio, as shown by the reported decisions of its courts; a landlord, who has re-entered and regained possession of premises vacated by tenant before end of term, must mitigate damages for breach of lease by re-renting if suitable tenant is available, and this rule is applicable law in a federal court in an action involving an Ohio lease.

2. **Courts ⟨⟩109—"Syllabus rule" of Ohio applies only to its Supreme Court.**

The law of Ohio, which limits the authority of decisions of its Supreme Court to points stated in the syllabus, does not apply to other appellate courts of the state.

[Ed. Note.—For other definitions, see Words and Phrases, Syllabus.]

In Error to the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

Action at law by James F. Walsh and Vincent A. McGuire against E. G. Shinner & Co., Inc. From the judgment, plaintiffs bring error. Affirmed.

Speaking of the plaintiffs below, plaintiffs in error, as the landlords, and the de-

fendant below, defendant in error, as the tenant, the landlords by a contract of lease executed in Ohio let the tenant a store in Cleveland for a term of five years at a monthly rental of $432. The tenant made certain stipulated alterations, entered into possession, and later vacated the premises at a time when the lease had nearly two years to run, first paying rent in full to the date of moving out. Before taking that action the tenant discussed the situation with the landlords, undertook to get them a tenant for the remainder of the term and promised to continue responsible for payment of the reserved rent and for performance of all other covenants in the existing lease. The tenant found and presented to the landlords several persons (some before it had vacated the premises and some after) who, as everything indicated, would make suitable and responsible tenants and who desired to rent the premises for the remainder of the term upon the rental and under the covenants of the lease. But the landlords declined all these offers and refused to accept a new tenant except at a monthly rental of $700. As no one could be found who would pay this increased rent, the landlords declared a breach of the lease, entered upon and took possession of the premises and, being of citizenship diverse from that of the tenant, brought this suit against the tenant in the District Court of the United States for the District of Delaware for damages based on the breach of the Ohio lease and reckoned on the cost of restoring the premises to their original condition and on loss of rent for the remainder of the term. The landlords had a verdict for a sum which, evidently, included the cost of restoring the premises and excluded rent. Thereupon the landlords sued out this writ, charging error to the trial court in admitting testimony offered by the tenant to prove that loss of rent was due to their refusal to accept suitable tenants when available and in instructing the jury that it was their duty as landlords to mitigate the damages resulting from the breach of the lease, if possible.

James R. Morford, John R. White, and Marvel, Layton, Hughes & Morford, all of Wilmington, Del., for plaintiffs in error.

Aaron Finger and Robert H. Richards, both of Wilmington, Del., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge (after stating the facts as above). The sole question here

for review is whether, under Ohio law, it is the duty of a landlord who claims damages for breach of a lease by the tenant, to mitigate, if he can, the damages he has sustained.

This question touches two general rules of law and an exception to one of them. The first is the familiar rule that one, when injured by breach of a contract, is bound to minimize the resulting damage, and that to the extent his damages are due to his failure to perform that duty, he cannot recover. 8 R. C. L. 442. But this rule does not uniformly apply to damages resulting from a breach of a contract of lease. Distinguishing the rule applicable to contracts generally, the general rule applicable to contracts of lease is that when a tenant breaches such a contract by vacating the premises during the term, the landlord is under no duty to mitigate the damages by seeking a new tenant. According to this rule, the landlord may allow the premises to lie idle and recover the rent stipulated. Abraham v. Gheens, 205 Ky. 289, 265 S. W. 778, 40 A. L. R. 186, 190 note a. If, however, the landlord does not allow the premises to remain constructively in the possession of the tenant but, as in the case at bar, re-enters and takes possession, some courts have regarded this action as making an exception to the general rule in respect to contracts of lease and have held that the landlord must then use diligence in obtaining a tenant in order to lessen his damages. Bradbury v. Higginson, 162 Cal. 602, 123 P. 797; Baker v. Eilers Music Co., 26 Cal. App. 371, 146 P. 1056; Marling v. Allison, 213 Ill. App. 224; John Church Co. v. Martinez (Tex. Civ. App.) 204 S. W. 486; Robinson Seed & Plant Co. v. Hexter (Tex. Civ. App.) 167 S. W. 749; 40 A. L. R. 197.

[1] Except for the trend of the argument, this case does not concern general law or its exceptions; it concerns specifically the law of Ohio under which the lease in suit was entered into. That is the law which the learned trial judge was required to find and apply. In finding it, he was aided perhaps by an Ohio lawyer who testified in accord with the landlord's contention that under the law of that state a landlord is not required in any circumstance to mitigate damages arising from a breach of a contract of lease. But without regard to this testimony the learned trial court was bound by the pronouncements of the courts of that state on the subject, if any had been made and were available. There were six. These the attorneys for the landlords sought to distinguish, and

to establish that five of them amounted only to dicta. No matter how persuasive their argument may have been when fortified by the testimony of a lawyer familiar with the law of his own state, still the trial court was required to apply the law as declared by the courts of that state; and on the subject the Supreme Court of Ohio and five Courts of Appeals of Ohio—intermediate appellate courts—had spoken in terms more or less plain. The Supreme Court, in Bumiller v. Walker (1917) 95 Ohio St. 344, 116 N. E. 797, L. R. A. 1918B, 96, clearly stated that it is the "legal duty" of a landlord, when leased premises have been vacated during the term to seek a new tenant and thus mitigate the resulting damages. In Baker v. Herrlinger (1922) 16 Ohio App. 253, a Court of Appeals laid down the measure of damages and, quoting Bumiller v. Walker, said that it was the legal duty of the landlord to re-rent the premises if a proper tenant were available. In Muth v. Wrubel, 24 Ohio Cir. Ct. R. (N. S.) 426, the court held that it was the duty of the landlord to rent the premises and to see that it was kept remunerative, and to reduce the damages which would flow by reason of the tenant's breach of the contract. In Stuart v. Ford, 11 Ohio Cir. Ct. R. 453, 5 O. C. D. 260, another court intimated such a duty. In Shipman v. Stone, 16 Ohio Cir. Ct. R. (N. S.) 468, still another court said it was the landlord's moral duty to do so. But in White v. Smith (1917) 8 Ohio App. 368 the court held, without referring to the Supreme Court's decision in Bumiller v. Walker rendered a short time before, that such was not the landlord's duty.

We think these decisions, though varied in terms and not quite unanimous, declare the rule of Ohio that a landlord having reentered and regained possession of vacated premises must mitigate damages by re-renting to a new tenant when one is available. Certainly the highest court of the state declared that to be his duty. If this pronouncement was a dictum, as urged by the landlords, this dictum had been made by other courts of the state and had been repeated so frequently that, even if dictum, we are bound to accept it as law of the state so familiar to those having authority to pronounce it that it occurs in decision after decision. In such a situation a federal court should hesitate long before holding that the law of Ohio is different from what the courts of Ohio have said it is. If error was involved in their statement of local law, the federal trial court, being wholly without power to correct it, committed no error in following it.

[2] Finally, the landlords maintain that the pronouncements of Ohio courts, to which we have referred, are not law because some of them do not appear in the syllabi of the cases, citing the so-called Syllabus Rule of Ohio. This rule had its origin in a statute of that state (Page & Adams' Ohio Code, § 1473) which authorized the Supreme Court to prescribe rules for the regulation of its practice, one of which, subsequently made, provides that the syllabus of the points decided by the court in each case shall be stated in writing by the judge assigned to deliver the opinion of the court and shall be confined thereto. The landlords maintain that only matters which appear in the syllabi constitute matters decided by the court and anything else in the opinion which has the appearance of the court's decision is, in truth, no decision at all. State v. Hauser, 101 Ohio St. 404, 407, 131 N. E. 66; Hart v. Andrews, 103 Ohio St. 218, 221, 132 N. E. 846; Adelbert College v. Wabash Ry. Co. (C. C. A.) 171 F. 805, 811, 812, 17 Ann. Cas. 1204; Coney Island Co. v. McIntyre (C. C. A.) 200 F. 901, 908. Even so, this rule—under which, as we read it, the syllabus of the case alone constitutes the law of the case —whatever its force and however observed, is a rule of the Supreme Court of Ohio and applies only to the decisions of that court. Flannery v. Ry. Co., 26 Ohio Cir. Ct. R. (N. S.) 49. Therefore it does not apply to the decisions of the other courts we have cited, one of which, as we have indicated, adopted the language of the Supreme Court in Bumiller v. Walker and thus made the quotation its own law.

We are constrained to hold that in taking the law of Ohio from the reported cases and in applying it to the instant case, the learned trial court committed no error and therefore the judgment must be affirmed.