Estate of Bulewicz: Gorny and others, Appellants, vs. The State and another, Respondents.

*June 7—September 12, 1933.*

For the appellants there were briefs by *George C. Brown* of Grand Rapids, Michigan, and oral argument by *Mr. Brown* and *Mr. H. H. Bodenstab* of Milwaukee.

For the respondent State of Wisconsin there were briefs by the *Attorney General, Joseph G. Hirschberg,* deputy attorney general, *J. E. Messerschmidt, Frank W. Kuehl,* and *Herbert H. Naujoks,* assistant attorneys general (*Mary Eschweiler* of Madison of counsel); and the cause was argued orally by the *Attorney General, Mr. Naujoks,* and *Mr. Kuehl.*

For the respondent Trustees of the Milwaukee County Orphans' Board there were briefs by *Houghton, Neelen & Houghton,* attorneys, and *Louis A. Lecher* and *George D. Spohn* of counsel, all of Milwaukee, and oral argument by *Mr. Albert B. Houghton, Mr. Lecher,* and *Mr. Spohn.*

A brief was also filed by *Bottum, Hudnall, Lecher, McNamara & Michael* of Milwaukee, as *amicus curiæ.*

The following opinion was filed June 29, 1933:

FOWLER, J.   Ch. 120 of the P. & L. Laws of 1870, as amended by ch. 471, P. & L. Laws of 1871, by its terms requires the county court to order the public administrator of Milwaukee county, appointed pursuant to said act, to pay to the Trustees of the Milwaukee County Orphans' Board the avails of all personal estate left by residents of the county who die intestate and without known heirs, and further provides that in case of such payment the court shall order a refund by said trustees to heirs of the decedent who shall apply therefor within five years from the time of

such payment and establish their heirship. Pursuant to these provisions, $20,909.89, the avails of personal property belonging at her death to Mary Bulewicz, was by the court ordered to be paid to said trustees "as escheated personal property," and was so paid; and pursuant to said act certain persons claiming to be heirs of said decedent filed with the court on the day preceding the expiration of the five-year period·their petition for refund of their share of the amount paid.

Sec. 318.01 (2), Stats., is as follows:

"*Escheats.* In case there shall be no known heir or distributee the personal estate not disposed of by the will shall belong to the state; and all the personal estate of any deceased person, which shall not be claimed by the legatee, heir or distributee within three years after the death of the owner thereof, shall, in like manner, belong to the state, subject in both cases only to the debts, funeral charges and the expenses of administration, and shall be paid to the state treasurer and become a part of the school fund."

Sec. 318.03 provides that money paid into the state treasury pursuant to sec. 318.01 (2) shall be refunded "to the proper owner, who had not before asserted claim thereto," upon his establishing his right thereto upon application to the county court who made the order filed within five years from the time of the payment.

Sec. 311.17 provides that the state treasurer on receiving any money from a public administrator shall forthwith advertise the fact in a specified manner, and that the same will be paid to heirs not theretofore asserting claims thereto on proof of heirship on application made within five years. This statute by its express terms does not apply to Milwaukee county.

After the decision of this court in *Estate of Payne,* 208 Wis. 142, 242 N. W. 553, which held unconstitutional the act under which the court herein ordered the payment to the Trustees of the Orphans' Board, and more than five years after the payment pursuant to said order, certain other al-

leged heirs of Mary Bulewicz filed in the county court their petition for refund to them of their share of the money, claiming the act and the order of the court made pursuant thereto were void, and that they are entitled to the money in the hands of the board under the general statutory provisions last above stated. The county judge ordered that notice of this application be given to the attorney general.

The two petitions came on for hearing together. The attorney general appeared for the state and moved dismissal of both petitions on the grounds that the court was without jurisdiction to proceed upon the first petition because the Orphans' Board Act is void, and conferred no power upon the court to entertain proceedings for a refund, and without jurisdiction to proceed under the statutory provisions last stated because no money had been received by the state treasurer.

That the statutes last stated conferred no power on the county court to act seems manifest because there has been no payment to the state treasurer. Under sec. 318.03 action by the state treasurer or a proceeding to require him to act does not lie until the state treasurer has received money subject to refund. Why sec. 311.17 is relied upon we are unable to perceive. As above stated it does not apply to Milwaukee county by its express terms; and it provides only for proceedings directly before the state treasurer.

It may be observed further that the county court of Milwaukee county is a court of limited jurisdiction. It has only such powers as the statutes of the state have conferred upon it. The statutes have not conferred upon it jurisdiction of actions or proceedings for the recovery of money, except as the Orphans' Board Act, if constitutional, has conferred such jurisdiction, or as some such proceeding may obtain in the ordinary course of the administration of estates. Although a court of general jurisdiction would have jurisdiction to entertain an action for the recovery of the money here involved, whether the parties invoking the jurisdiction

are entitled to recover it or not, a point not before us and which we do not consider, such jurisdiction does not lie in the county court of Milwaukee county.

In this connection we venture to suggest that it is a serious question whether either heirs or the state have any right to recover moneys paid to the Trustees of the Orphans' Board pursuant to the order of the county court, if the act pursuant to which the order was made is unconstitutional. We have held that recovery does not lie for inheritance taxes paid pursuant to an order made under an unconstitutional act; that the judgment of the court directing such payment is *res judicata* although the act be void; and that taxpayers not appealing from the judgment are bound by the adjudication in absence of legislative action granting the right. *State ex rel. Straight v. Levitan,* 197 Wis. 549, 222 N. W. 805; *Beck v. State,* 196 Wis. 242, 219 N. W. 197. It is true that neither the state nor the heirs had actual notice of the county court proceedings. But county court proceedings are *in rem* (*Will of McNaughton: Frame v. Plumb,* 138 Wis. 179, 118 N. W. 997, 120 N. W. 288); and if the prescribed notices by publication have been duly given, are not the judgments of such courts binding on all interested parties whether or not they appear therein or have personal notice thereof? *State ex rel. Atkinson v. McDonald,* 108 Wis. 8, 84 N. W. 171; *Appeal of Schaeffner,* 41 Wis. 260, 264. Or does action lie in a court of general jurisdiction to recover funds paid over to the Orphans' Board under the act upon the reason of cases allowing recovery from distributees where the estate of a living person has been administered on the understanding that he is dead, or legacies have been paid where there is a pretermitted child or contingent claims have become absolute after an estate has been distributed? Or do proceedings lie for administration *de bonis non?* We shall not venture to suggest the answer to any of these questions in this case.

As to the first petition, the petitioners, if they can establish heirship, are entitled to their proportionate share of the money paid to the Trustees of the Orphans' Board if the act providing for payment to and refund by the board is constitutional.

This act was held unconstitutional in the case of *Estate of Payne, supra*, on the ground that personal property, as well as real estate, owned at their death by persons dying intestate and without heirs, escheats to the state, and the proceeds of it, by sec. 2, art. X, of the state constitution must be paid into the school fund. The Trustees of the Orphans' Board did not in that case move for a rehearing, but accepted the decision of the court as correct. In this case, however, counsel procured leave of the court to file for them a brief *amicus curiæ,* and in it assert the constitutionality of the act and ask reconsideration of the constitutional question. The brief contends that personal property does not escheat to the state and that the legislature has power to dispose as it sees fit of such property of persons who die intestate and without heirs; and that, at any rate, the legislature has such power of disposition up to the time that the proceeds of such property are actually received into the state treasury. Upon receipt of this brief the court ordered service of the brief upon the attorney for the petitioners and the attorney general of the state and reargument of the case upon two questions: (1) What power of disposition, if any, has the legislature over personal property left by one who dies intestate without heirs? and (2) Is personal property escheat in the constitutional sense prior to the time the title thereto is vested in the state through administration proceedings? The attorney for the petitioners and the attorney general, with Mary Eschweiler of counsel, have filed elaborate briefs upon these questions and the Trustees of the Orphans' Board have submitted a brief in addition to the brief *amicus curiæ,* and the questions have been orally argued.

The brief of the petitioners takes the position that the Orphans' Board Act is unconstitutional on the ground that it is a private and local law and violates art. IV, sec. 18, of the state constitution, because it embraces more than one subject and a subject that is not expressed in its title. The attorney general in the brief in the *Payne Case, supra,* also made this contention. We did not consider this point in the *Payne Case* because the act was considered unconstitutional on other grounds. The court has now given consideration to this contention and is unanimously of the opinion that it must be upheld, and we will briefly state our reasons for that opinion.

Art. IV, sec. 18, of the constitution is as follows:

"No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title."

The act under which the Orphans' Board claims is ch. 120, P. & L. Laws of 1870. The title of that act is:

"An act to provide for the appointment of a public administrator for the city and county of Milwaukee."

This act was amended by ch. 471, P. & L. Laws of 1871, the title to which is:

"An act to amend chapter one hundred and twenty, private and local laws of 1870, entitled 'an act to provide for the appointment of a public administrator for the city and county of Milwaukee.' "

The original act purports by its title merely to provide for the appointment of a public administrator for "the city and county of Milwaukee." Would any one reading the title of the act imagine that it provided for the disposition of escheated personal property and diverted the proceeds of such property from the state school fund to the city treasurer of Milwaukee for the benefit of the school fund of that city as it purports to do by sec. 37 of the act? It seems to us not. And it seems to us still more clear that one would not, by reading the title to ch. 471, P. & L. Laws of 1871,

imagine that by amendment of ch. 120, P. & L. Laws of 1870, the legislature proposed to divert the proceeds of escheated property diverted by the original act into the treasury of the city of Milwaukee, from that treasury to the Orphans' Board. The purpose of the 1871 act, the only effect of it, was to take the proceeds of escheated personal property from the school fund of the city of Milwaukee and transfer it to the Orphans' Board of Milwaukee county. Such taking and transfer was the subject of the act. This "subject" was most certainly not "expressed in the title." It is said in *Diana Shooting Club v. Lamoreux,* 114 Wis. 44, 50, 51, 89 N. W. 880:

"Probably as comprehensive a rule as can be found stated in the books, for testing the sufficiency of a title to a private or local legislative act, is the one deduced from the authorities by the New York court of appeals and approved in *Milwaukee County v. Isenring,* 109 Wis. 9, 85 N. W. 131: When one, reading a bill with the full scope of the title thereof in mind, comes upon provisions which he could not reasonably have anticipated because of their being in no way suggested by the title in any reasonable view of it, they are not constitutionally covered thereby."

Under this rule we are of opinion that the acts involved cannot be sustained. Any one reading either bill "with the full scope of the title in mind" would not reasonably have anticipated the provisions above mentioned, because they are in no way suggested by the title in any reasonable view. The subject of what is covered by a title to a private and local act was so fully and thoroughly discussed in *Milwaukee County v. Isenring,* 109 Wis. 9, 85 N. W. 131, that there is no occasion to say more here. It is equally clear that the act is a private and local law within the meaning of the constitutional provision. It relates to Milwaukee county only. It is limited in its effect to a single county. It is therefore local in character and this brings it within the purview of the constitutional provision. That it in a way affects the public generally does not take it outside the provision, be-

cause it is local in its application. *State ex rel. Richter v. Chadbourne,* 162 Wis. 410, 156 N. W. 610; *Milwaukee County v. Isenring, supra.*

Regardless of whether the grounds upon which the *Payne Case* was decided were well taken, the acts involved being unconstitutional for the reasons above stated, it is not necessary to review the original grounds. The acts being unconstitutional, the county court was without jurisdiction to entertain the first petition. As first stated it was without jurisdiction to entertain the second, and the county court properly dismissed both petitions.

*By the Court.*—The judgment of the county court is affirmed.

A motion for a rehearing was denied, with $25 costs, on September 12, 1933.