IN RE TRUSTEES OF MILWAUKEE COUNTY ORPHANS' BOARD: STATE, Respondent, vs. TRUSTEES OF MILWAUKEE COUNTY ORPHANS' BOARD and others, Appellants.

*January 10—June 13, 1935.*

520

522

For the appellants there were briefs by *Albert B. Houghton,* attorney for the Trustees of the Milwaukee County Orphans' Board, *Henry V. Kane* and *Daniel L. Brooks,* at-

torneys for St. Joseph's Orphan Asylum, St. Rose's Orphan Asylum, St. Aemilian's Orphan Asylum, and St. Vincent's Infant Asylum, *Bottum, Hudnall, Lecher, McNamara & Michael,* attorneys for Milwaukee Orphans' Asylum, and *Joseph Pollack,* attorney for the Home for Dependent Jewish Children, and oral argument by *Mr. Houghton, Mr. George D. Spohn, Mr. Kane,* and *Mr. Pollack,* all of Milwaukee.

For the respondent there was a brief by the *Attorney General, Joseph G. Hirschberg,* deputy attorney general, *J. E. Messerschmidt,* assistant attorney general, and *Mary Eschweiler,* law fellow, and oral argument by *Mr. Messerschmidt* and *Miss Eschweiler.*

A brief was also filed by *George C. Brown* of Grand Rapids, Michigan, as *amicus curiæ.*

MARTIN, J. At the outset we have : First, the question as to the jurisdiction of the county court of Milwaukee county of the subject matter and the interested parties; and, secondly, if the county court had jurisdiction of the subject matter and the interested parties, are the final judgments of the court as entered in the several estates in question *res judicata?*

The proceedings had in the county court in the several estates run through the years from 1871 until 1932. Sec. 2443 of the Revised Stats. of 1878 and sec. 253.03, Stats. 1931 (and intervening statutes), define the jurisdiction of the county court. It extends to the probate of wills and granting of letters testamentary, and of administration on the estates of all deceased persons who were at the time of their decease inhabitants of or residents in the same county, and of all who shall die without the state having estate within such county to be administered, and to all matters relating to the settlement of the estates of such deceased persons. The record here as to all of the estates in question affirmatively

shows that the deceased was domiciled in Milwaukee county; that he died in Milwaukee county, and at the time of his decease he had an estate to be administered upon.

In *Estate of Sipchen,* 180 Wis. 504, 508, 193 N. W. 385, 387, this court said:

"Under the jurisdiction so conferred by statute the court clearly had jurisdiction of the persons, they being among the beneficiaries provided for in the will. Did the court, however, have jurisdiction of the subject matter involved in this agreement? The court's jurisdiction of the subject matter is designed primarily for two purposes: First, to enable creditors of the deceased to present their claims for adjudication, so as to enable them to participate in the distribution of the assets; and, second, to distribute the remainder of the property in accordance with the provisions of the last will and testament. Proceedings in the probate court are in the nature of proceedings *in rem,* and are designed to affect the deceased's property solely in order to accomplish the fundamental objects for which a county court takes jurisdiction and pursues administration."

Gary, Probate Law (2d ed.), § 23a, discussing jurisdiction as to subjects and persons, says:

"It [the limit of jurisdiction as to subjects and persons] is limited in its general scope, as to subject matter, to the undisputed property of decedents and of wards, and, as to persons, to those interested in such property as equitably or legally entitled to some distributive share therein, or in the residue, and to creditors who voluntarily, upon general notice and without special citation, present their claims."

This court had occasion in *Beck v. State,* 196 Wis. 242, 219 N. W. 197, 199, to consider the jurisdiction of county courts under sec. 72.12 (jurisdiction to impose inheritance tax upon gifts in contemplation of death). The court said:

"Section 72.12 of the statutes confers upon county courts jurisdiction 'to hear and determine all questions arising under the provisions of the inheritance tax laws and to do any act in relation thereto authorized by law to be done by a county

court in other matters or proceedings coming within its jurisdiction.' The law confers jurisdiction to hear and determine all questions arising under its provisions. It is difficult to see how a broader jurisdiction could be conferred upon any court upon a given subject. It is all-inclusive. *Jurisdiction* has been defined as the 'power to entertain the suit, consider the merits and render a binding decision thereon; and by merits we mean the various elements which enter into or qualify the plaintiff's right to the relief sought.' "

The statutes defining the jurisdiction of the county court (sec. 2443, Revised Stats. 1878, sec. 253.03, Stats. 1931, and intervening statutes) confer upon the county court jurisdiction as to "all matters relating to the settlement of estates of such deceased persons." Its jurisdiction in this respect is as broad as the jurisdiction under sec. 72.12 to hear and determine all questions arising under the provisions of the inheritance tax law.

It is conceded that in all of the estates in question the required statutory notice of application for administration, notice to creditors, and notice of hearing on final account were given and published. However, the state contends that it is not bound by such notices, and that since 1878 the attorney general should have been notified. The statute, sec. 2462, R. S. 1878, provides:

"Whenever any county judge shall have knowledge or information that any real estate in his county has escheated to the state, or that the state is entitled to receive any personal property belonging to the estate of any deceased person for want of heirs or next of kin, he shall forthwith notify the attorney general of such fact."

These provisions are substantially in the same form in sec. 253.24 and sec. 318.02, Stats. 1931.

Prior to 1878 there was no general law requiring notice to the state as to escheat property. Par. 10, sec. 1, ch. 471, Private and Local Laws of 1871, did provide for notice to

the attorney general in case of escheat real estate. It provides:

"10. He [the public administrator] shall notify the attorney general of the state of all lands within his knowledge in said county of Milwaukee, the title to which may have heretofore or shall hereafter fail from a defect of heirs."

Sub. 7, of sec. 3935, R. S. 1878, provides:

"7. In case there shall be no known heir or distributee, the personal estate not disposed of by the will shall belong to the state; and all the personal estate of any deceased person, which shall not be claimed by the legatee, heir or distributee, within three years after the death of the owner thereof, shall in like manner belong to the state; subject in both cases only to the debts, funeral charges, and the expenses of administration; and shall be paid to the state treasurer and become a part of the school fund."

Sec. 3936, R. S. 1878, provides:

"In all cases mentioned in the seventh subdivision of the preceding section, it shall be the duty of the county court, having jurisdiction thereof, to notify the attorney general of the interest, or probable interest, of the state in such estate, immediately after the same shall come to the knowledge of such court; and the attorney general shall appear for and protect the interest of the state therein."

This provision of the statute has remained without change since enacted in 1878, and is in the same form in sec. 318.02, Stats. 1931.

Secs. 2462 and 3936, R. S. 1878, and sec. 318.02, Stats. 1931, are silent as to the manner of notifying the attorney general. However, during all this time there was another statute relating specifically to the county courts, providing how notice may be given. Sec. 4044, R. S. 1878, and sec. 324.19, Stats. 1931, provide that:

"When notice of any proceedings in a county court shall be required by law or be deemed necessary by such court and the manner of giving the same shall not be directed by any

statute, such court shall order notice of such proceedings to be given to all persons interested therein in such manner and for such length of time as it shall deem reasonable."

In all the estates concerned in this litigation the county court by order directed that notice of hearing on the final accounts and assignment of the residue of the estates be given by publication, which was done.

In *Estate of Bailey,* 205 Wis. 648, 659, 238 N. W. 845, 849, this court had occasion to consider the effect on interested parties of a notice given by the county court under sec. 324.19, Stats. The case involved an application to the county court to vacate and amend the order of distribution. It was contended that the order appealed from was void because of no notice to the guardian of one of the interested parties; that notice of the motion should have been given to all who would be affected by a vacation of the original order or judgment. The court, speaking through the late Justice OWEN, said:

"This might have been true if it were a circuit court proceeding, but it is not. It was a county court proceeding relating to the probate of estates. Sec. 324.19, Stats., provides that 'when notice of any proceedings in a county court shall be required by law or be deemed necessary by such court and the manner of giving the same shall not be directed by any statute, such court shall order notice of such proceedings to be given to all persons interested therein in such manner and for such length of time as it shall deem reasonable.' The county court ordered that notice of the hearing of this application should be given by the publication thereof in a newspaper, and such notice was duly published. It is the same or similar notice that is required to be given upon the application for letters of administration or the probate of a will, which, it is held, gives the county court jurisdiction *as to all of the world."*

The legislature vested the county court with jurisdiction to determine whether or not property escheated, which determination is a part of the regular probate proceedings in

the county court. By legislative enactment the county judge is designated as the agency to notify the attorney general of the interest or probable interest of the state to escheated property.

In *Estate of Bulewicz*, 212 Wis. 426, 430, 249 N. W. 534, the court said:

"But county court proceedings are *in rem* (*Will of Mc-Naughton: Frame v. Plumb*, 138 Wis. 179, 118 N. W. 997, 120 N. W. 288) ; and if the prescribed notices by publication have been duly given, are not the judgments of such courts binding on all interested parties whether or not they appear therein or have personal notice thereof?" *State ex rel. Atkinson v. McDonald*, 108 Wis. 8, 84 N. W. 171, 174; *Appeal of Schaeffner*, 41 Wis. 260, 264.

The residue of the estates in question was assigned by the county court of Milwaukee county under the private and local laws to the Trustees of the Milwaukee County Orphans' Board. If these laws were valid, the state had no interest or probable interest. The statute did not require that notice be given to the attorney general until "immediately after the same shall come to the knowledge of such court." The court, relying on the statutes, concluded that the state had no interest and no notice was given. We conclude on the facts in this case that the publication of the regular notices in the administration proceedings gave the county court jurisdiction both of the subject matter and of all persons and parties interested.

Are the final judgments of the county court as entered in the several estates *res judicata?* In *Beck v. State, supra,* pages 247, 248, in an action to recover inheritance taxes alleged to have been unlawfully imposed upon certain gifts under a statute which the supreme court of the United States later declared unconstitutional, this court held:

"That the judgment or order of the county court determining the amount of the inheritance tax due and owing from the estate to the state is *res adjudicata,* conclusive be-

tween the parties, and immune from collateral attack, is freely conceded, unless such judgment is void. The plaintiffs contend that the order or judgment of the county court determining the amount of the inheritance tax is void because the court was without jurisdiction, because there was a denial of due process of law, and because the order is based upon an unconstitutional statute. . . . 'No order which a court is empowered, under any circumstances in the course of a proceeding over which it has jurisdiction, to make, can be treated as a nullity merely because it was made improvidently, or in a manner not warranted by law or the previous state of the case. The only question in such a case is, Had the court or tribunal the power, under *any circumstances,* to make the order or perform the act? If this be answered in the affirmative, then its decision upon *those circumstances* becomes final and conclusive until reversed by a direct proceeding for that purpose.' "

Also in *Estate of Bulewicz,* 212 Wis. 426, 430, 249 N. W. 534, the court said:

"We have held that recovery does not lie for inheritance taxes paid pursuant to an order made under an unconstitutional act; that the judgment of the court directing such payment is *res judicata* although the act be void; and that taxpayers not appealing from the judgment are bound by the adjudication in the absence of legislative action granting the right."

In *Golden v. Green Bay Metropolitan Sewerage Dist.* 210 Wis. 193, 198, 246 N. W. 505, 507, the court said:

"However, even if the county court did err in deciding that issue of fact, or in construing the statute by erroneously concluding that it authorized the organization as a sewerage district of but a part of an entire area proposed originally in a petition, its decision in either of those respects would constitute judicial error in a proceeding in which it had jurisdiction over the subject matter as well as the parties. Consequently, as to both its final adjudications, they are binding and *res adjudicata* in the absence of reversal or modification on an appeal therefrom."

In *State ex rel. Atkinson v. McDonald, supra,* the court said:

"The rule of *res adjudicata* is as broad, where status is the subject upon which the judgment acts, in that it is binding on the whole world, as it is *inter partes* where mere personal rights are the subject of the litigation."

The several statutes quoted providing for notice to the attorney general obviously recognize jurisdiction in the county court both of the subject matter and all interested parties, including the state. In this situation the rule that general statutes are not to be construed to include, to its hurt, the sovereign, does not apply here. The interest or probable interest of the state is disclosed during the progress of the administration proceedings. Such interest may not appear until proof of heirship upon assigning the residue of the estate.

If sec. 37, ch. 120, of the Private and Local Laws of 1870, as amended by ch. 471, of the Private and Local Laws of 1871, was constitutional, the state had no interest or probable interest in the property in question. The court assigned this property under the statute as a valid enactment. The legislature vested the court with the duty of determining whether the state had an interest or probable interest before notice was required to the attorney general. Having vested the court with the duty of so determining the fact of the interest or probable interest of the state before requiring notice, the court had jurisdiction to determine this fact. Having the duty and jurisdiction to determine whether notice was required of the interest or probable interest in the state, the court had the power to err in this respect. In *Beck v. State, supra,* at page 249, the court said:

"The ruling may be erroneous, but if the court has jurisdiction to rule it has jurisdiction to err. The judgment following such a ruling is not a void judgment which may be

534

collaterally attacked. It is a judgment which may be reversed on appeal."

We conclude that the several judgments and decrees of the county court of Milwaukee county are *res judicata* as to the state. Other questions have been fully briefed and ably argued, but in view of the conclusions reached it is unnecessary to consider such further questions.

*By the Court.*—Judgment reversed, with directions to enter judgment vesting title to all moneys and securities in question in the Trustees of the Milwaukee County Orphans' Board.

FAIRCHILD and FRITZ, JJ., took no part.