No. 33,089

THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellant*, v. JOHN W. PLETCHER and JENNIE PLETCHER, *Appellees*.

No. 33,090

THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellant*, v. EDWARD A. GRUWELL and NANNIE J. GRUWELL, *Appellees*.

No. 33,091

THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellant*, v. GILBERT BEAGEL and LAURA M. BEAGEL, *Appellees*.

(58 P. 2d 1158)

Opinion filed July 3, 1936.

O. R. Stites, Jay Sullivan, both of Emporia, and Earl A. Grimes, of Kansas City, Mo., for the appellant.

Harry E. Snyder, of Council Grove, for the appellees.

The opinion of the court was delivered by

SMITH, J.: These were actions to foreclose real-estate mortgages. Judgment in foreclosure was taken in each of them. This appeal is from an order denying a motion to set aside an order extending the period of redemption.

The facts in case No. 33,090 are as follows: The suit was filed October 18, 1933, to foreclose a real-estate mortgage on land in Morris and Chase counties. Judgment was rendered January 13, 1934, foreclosing the mortgage. The period of redemption was fixed at 18 months. The Morris county property was sold at sheriff's sale March 5, 1934; the Chase county property was sold March 6, 1934. The plaintiff was the purchaser. The sales were confirmed April 2, 1934. Certificates of purchase were delivered to appellant. The decree of confirmation provided that the defendants should have 18 months from the date of sale to redeem. The 18-months period of redemption expired on the Morris county property September 5, 1935, and on the Chase county property September 6, 1935. On August 6, 1935, the defendants filed a motion in the trial court praying for an extension of the period of redemption under the provisions of chapter 226 of the Laws of 1935. This motion was heard by the court September 3, 1935, two days before the period of redemption expired. The plaintiff objected to the granting of the relief prayed for on the ground that the above statute was unconstitutional and void and conferred no power or jurisdiction on the court to extend the period of redemption beyond that fixed in the decree. Appellant's objection was overruled and the court rendered judgment extending the period of redemption to January 15, 1937. There was no appeal from this order. The order further provided for the payment of certain rentals. No appeal was taken from this order.

After the decision of this court in the case of Kansas City Life Ins. Co. v. Anthony, 142 Kan. 670, 52 P. 2d 1208, the plaintiff made a demand on the sheriffs for the execution of the deeds. The sheriffs declined to execute these deeds on account of the order extending the period of redemption. On December 26, 1935, the appellant filed a motion in the trial court to vacate the order of September 3,

1935, and to order the sheriffs of the respective counties to execute and deliver deeds to the plaintiff. This motion was denied, and from that order this appeal is taken.

It will not be necessary to state the facts in cases No. 33,089 and 33,091, because they are all the same as far as the question in this case is concerned. The motion to vacate the judgment of September 3 extending the redemption period under the moratorium statute was filed under the provisions of R. S. 60-3009, which provides:

"A void judgment may be vacated at any time, on motion of a party or any person affected thereby."

The question then is whether or not the order of September 3 was void. If the order was not void, then the period of redemption is extended to January 15, 1937.

The statute pursuant to which the motion to extend the period of redemption was filed is what is known as the mortgage moratorium statute. It provides that under certain circumstances a trial court can extend the period of redemption of real estate from sale in a mortgage foreclosure action beyond the 18-months period, which has been the period provided by law for many years.

In *Kansas City Life Ins. Co. v. Anthony*, supra, this court held:

"A judgment rendered by a competent court of record in a mortgage foreclosure action, fixing the amount of the indebtedness, rendering judgment against the defendant therefor, ordering a sheriff's sale of the real property encumbered by the mortgage and fixing the proper period of redemption under the law then existing, is *res judicata* when no appeal is taken therefrom, and cannot be annulled or set aside by a subsequent act of the legislature, even on the theory of the existence of an emergency, especially when such emergency is not temporary, but is a continuation of four consecutive emergency declarations accumulating a total extension period of nearly four years." (p. 671.)

This court held in that case that the order extending the period of redemption was a trial error. When an appeal is taken any erroneous order of the trial court can be corrected.

In this case the term of the district court at which the order complained of was made had passed. The trial court was without authority to set aside an order entered at a previous term. (See *Moore v. McPherson*, 106 Kan. 268, 187 Pac. 884, and cases cited.)

The question we have here is, Did the trial court have jurisdiction of the subject matter of the action and the parties? Where an attack is made on a judgment on the ground that it is void, in order for the moving party to prevail it must appear that the court acted

wholly without jurisdiction of either the subject matter of the action or of the parties thereto. (See *Rennolds v. Guthrie*, 103 Kan. 829, 177 Pac. 359.) In this case there is no doubt that the trial court had this jurisdiction.

The judgment of the trial court is therefore affirmed. Since the same situation exists in all three of these cases, the same order will be made in each.

SMITH, J. (concurring specially): I do not take quite the same view of the effect of the opinion of this court in *Kansas City Life Ins. Co. v. Anthony*, supra, as is taken by the majority of the court. I am of the opinion that the logical conclusion to be drawn from that opinion is that the trial court was entirely without jurisdiction to grant the particular relief of which complaint is made. I do, however, concur with the result reached in this case because I am of the opinion that where a trial court has rendered a judgment pursuant to a statute, no appeal has been taken from the judgment, and it has become final, and subsequently in another action the statute is held to be in violation of the constitution, the judgment is not void.

The matter has received the attention of other courts. In *Jones v. McGrath*, 160 Okla. 211, 16 P. 2d 853, the court considered a case where a county had sold land for taxes under a statute that was afterwards declared unconstitutional. After the statute was held to be unconstitutional the county sold the land for taxes pursuant to another act. The purchaser at the former sale brought a suit to quiet title. He argued that notwithstanding the fact that the former act had been declared invalid, the judgment rendered under the act, not having been appealed from, was valid. The defendant urged that since the act relied on by the plaintiff was unconstitutional, the judgment taken thereunder was void. The court adopted the theory of the plaintiff and held:

"A judgment rendered in a civil action, under a statute which is thereafter and in another action held unconstitutional, is, as a general rule, valid and not subject to collateral attack."

See, also, *Factors and Traders' Insurance Company v. The City of New Orleans*, 25 La. Ann. 454.

In the case of *Forest Lumber Co. v. Osceola Lead & Zinc Mining Co.*, (Mo.) 222 S. W. 398, the court had under consideration a case where a lien had been granted against certain property. The judgment granting the lien was attacked on the ground, among others,

that the statute under which it was granted was unconstitutional and void. The court said:

"None of those defenses remained open for consideration in the present case; for the constitutional question, even if defendant's contention regarding it is sound, as to which we say nothing, was one which the Newton circuit court had the right to decide; and an erroneous decision upon it would not render the judgment void and subject to collateral attack . . . Manifestly, the judgment of a court cannot be treated as a nullity in a collateral proceeding merely because the judgment was given on an unconstitutional statute. In such a case the judgment would be valid until reversed or set aside, whether the decision of the point was right or wrong." (p. 400.)

See, also, *In re Trustees of Milw. County Orphans' Board*, 218 Wis. 518, 261 N. W. 676.

These decisions are based upon a general rule that the effect of a judgment as *res judicata* is not lessened when the fact that it is erroneous is established by the highest appellate tribunal in the state in a decision rendered in another action. (See 2 Freeman on Judgments, 5th ed., 1540.)

This rule is based upon good logic and sound reasoning. There is nothing more important in the business of the country than that the judgments of the courts, not appealed from, should be free from attack. It does not appear that any injustice is done by a requirement that the question of whether a statute is constitutional should be settled by appeal like any other question.