**GORNY et al. v. TRUSTEES OF MIL-
WAUKEE COUNTY ORPHANS
BOARD.**

No. 6154.

Circuit Court of Appeals, Seventh Circuit.
Dec. 3, 1937.

Rehearing Denied Jan. 5, 1938.

Albert B. Houghton, of Milwaukee, Wis.,
for appellant.

George C. Brown, of Grand Rapids,
Mich., and H. H. Bodenstab, of Milwaukee,
Wis., for appellees.

Before EVANS and MAJOR, Circuit
Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a decree ob-
tained in an equity action instituted by ap-
pellees September 13, 1935, to recover
from appellant the sum of $20,909.99, being
the escheated estate of Mary Bulewicz,
deceased, and paid to appellant in conformi-
ty with a decree of the county court of

Milwaukee county, entered in probate, February 26, 1926. The decree was entered pursuant to section 2, chapter 471, Priv. & Loc.Laws 1871 of Wisconsin, as follows: "If, after the expiration of one year from the granting of letters of administration to the public administrator on any estate, no heirs shall appear or be heard from, the county court shall, by decree, direct and order the public administrator to transfer and pay over the residue of the personal estate of the deceased to the trustees of the Milwaukee county orphans' board, and such trustees shall forthwith invest the moneys which may be paid over to them by the public administrator, in bonds of the United States or of this state, the interest of which shall be used for the purposes prescribed in the act of incorporation of said trustees and the principal shall be subject to the order of the county court for the period of five years; if at any time within five years after such moneys have been paid over to the said trustees as aforesaid, any heir shall appear before said county court and make satisfactory proof that he is entitled to the residue or any moiety of such moneys, the county court may, by order, direct the said trustees to pay over to said heir so much of said principal as he may be entitled to; such appearance shall be made by petition, and a notice of said application shall be served on the president of said board at least ten days prior thereto; but if no heir shall appear within five years after such moneys have been paid over as aforesaid, then such principal shall vest absolutely in the trustees of the Milwaukee county orphans' board, for the uses and purposes prescribed in the act of incorporation of said board."

Appellant is a creature of the Wisconsin statute and is required to hold in trust all property turned over to it for the benefit and support of certain enumerated orphans designated by said statute.

Relying upon the above statute, a part of the appellees (referred to as foreign heirs), on February 25, 1931, filed a petition in the county court asking for a refund of said escheated estate. A hearing was had upon said petition and the same taken under advisement. Prior to the announcement of a decision, the Supreme Court of Wisconsin (In re Lillian Payne's Estate, 208 Wis. 142, 242 N.W. 553), held the provision about quoted unconstitutional. On June 21, 1932, certain other of the appellees (termed American heirs) filed their petition in the county court praying for a refund to them from the state of Wisconsin of one-half of the estate in question.

October 14, 1932, the county court dismissed both of said petitions; the first because of the decision of the Supreme Court decreeing the above-quoted provision unconstitutional, and the second because the state of Wisconsin did not have the funds in question in its possession. This ruling was, on September 12, 1933, affirmed by the Supreme Court of Wisconsin. In re Estate of Mary Bulewicz, deceased, 212 Wis. 426, 249 N.W. 534. The state of Wisconsin instituted an action against appellant to recover the escheated fund which the Supreme Court (In re Trustees of Milwaukee County Orphans' Board, 218 Wis. 518, 261 N.W. 676) denied on the theory that the judgment of the county court of February 26, 1926, was res adjudicata as to the state, even though based upon the unconstitutional provision. Following that decision the present action was commenced. The depositions of certain witnesses which had been taken for and used in the county court proceeding were, over objection of appellant, admitted in evidence in this proceeding. The identity of the deceased is in dispute.

The issues raised by this appeal are:

(1) Is the final decree entered by the county court of Milwaukee county on February 26, 1926, finding that Mary Bulewicz died without heirs, res adjudicata as to the appellees and immune from collateral attack?

(2) Is there any right of refund to the escheated estate of Mary Bulewicz, under either state or federal law?

(3) Has the statute of limitations run as to any rights claimed by the appellees?

(4) Did the court err in permitting the appellees to use in this case, depositions which were taken for use in proceedings in the county court of Milwaukee county?

(5) Was Mary Gorny, who was born in 1862 in Gross Schoenbrueck, Poland, the same person as Mary Bulewicz, who died in Milwaukee, Wis., 1920?

Appellant cites a number of authorities in support of its theory that the judgment of the county court on February 26, 1926, is res adjudicata as to the appellees and immune from collateral attack. That such is the case in so far as the judgment escheats the estate, there seems to be no

doubt; in fact, appellees make such concession. It does not follow from this, however, that the judgment, or that portion of the judgment concerning heirship to the estate is conclusive. In fact, a judgment founded upon an escheat statute, providing for a refund, must recognize, as does the statute, that it is limited by the right of an heir to claim a refund under such conditions as the state may prescribe. Nor does the judgment in this case contain a finding in this respect which can be regarded as final. The pertinent words found in the statute are, "If * * * no heirs shall appear or be heard from, the county court shall" make payment as the statute directs. The court, in its decree, actually found as follows: "And it further appearing that said deceased left her surviving no husband, issue nor next of kin to the knowledge, information or belief of the public administrator." It will thus be observed that the court made no finding of "no heirs", and, even if it had done so, such finding would have been not only beyond its power under the statute in question, but inconsistent with its provisions which contemplated that any heir might establish a right to the fund by complying with the conditions therein contained. The case of Christianson v. King County, 239 U.S. 356, 36 S.Ct. 114, 60 L.Ed. 327, quoted at length by appellant, is not in point. There the right of refund was not involved, as the escheat statute with which the court was dealing contained no provision for such, and the judgment of escheat·alone was held to be final. Other cases cited by appellant are distinguishable upon similar grounds. In the present case the judgment of escheat is final and binding upon the parties, but whatever finding the court might have made with respect to heirship could not be final in the sense that it can be successfully invoked as a defense to an action for refund.

We do not understand this conclusion to be contrary to the holding of the Supreme Court of Wisconsin. In re Trustees of Milwaukee County Orphans' Board, supra. There, it is true, the court held the judgment of the county court res adjudicata as to the state. The judgment referred to must have been that which determined the estate to be escheat and not a judgment determining that no heirs existed. Assume the state had been successful in that case and the funds turned over to the state treasurer, or assume the funds had been originally paid to the state treas-

urer, could any one contend that the judgment of the county court was res adjudicata on the question of heirship when the very statute under which the judgment of escheat, and under which the funds were paid into the state treasury, likewise made provision for heirs making claim for refund?

The question as to whether a right of refund exists under the perplexing situation presented, and, if so, whether barred by the statute of limitations, are so interwoven they will be considered together. In doing so, we believe it important to understand both the power to escheat and the rights of heirs to claim a refund in such property. The following statement from appellees' brief is pertinent: "The power to escheat is a sovereign power and when the sovereign escheats he may do so absolutely or conditionally, with or without reservation of right of refund; or he may refuse to enact an escheat law at all, as is the policy of the state of New York. If no law authorizes a refund there can be no refund enforced. There is no common law right of refund, nor is there any general Federal escheat law, applying to the states, and it is beyond the power of congress to enact such a law."

As bearing upon the matter, we also quote from Corpus Juris 21, page 862: "* * * While the state may as a matter of grace agree to reimburse the rightful owner of escheated property subsequently appearing, it is not bound to do so, and it may exact conditions on which it will make reimbursement and limit the time within which reimbursement will be made, provided such limitation does not interfere with vested rights."

In discussing an escheat state, the court in Commonwealth v. Thomas' Adm'r, 140 Ky. 789, 131 S.W. 797, 800, said: "The state may in its generosity, or sense of fairness, say that it will not in such case hold the proceeds against the original claimant, if he subsequently appears, and may provide for his reimbursement. It may do less, as by shortening the time in which it will make reimbursement, or it may exact conditions. In the instance here the state has declared that, for escheated property which it dedicates to purposes of education, it will not make reimbursement. Rather, it fails to make provisions for it in such instances. It was in the competency of the state to so provide, or fail to provide as it saw fit. The policy is

one of legislative discretion, and is not a condition precedent to the state's exercise of power."

It therefore seems apparent that an heir can have no greater or different right in escheated property than provided by the laws of the state. It is peculiarly a matter within its sovereign power, unknown to the common law, and one over which the federal government has no jurisdiction or control. Likewise, any right of refund can only exist by grace of the state, and if provided for is allowable only in conformity with its laws, both as to the manner and time of making such claims. It is urged, however, that, this being an equitable proceeding, this court may determine the merits of the matter and this independent of the state laws and the decisions of its courts, construing such laws. The court below, in a very able opinion (Gorny et al. v. Trustees of Milwaukee County Orphans Board [D.C.] 14 F.Supp. 450), evidently proceeded upon this theory. It is true that while the provision of 28 U.S.Code, § 725 (28 U.S.C.A. § 725), which makes the laws of the several states, rules of decision in federal courts, is only applicable by its express terms to actions at common law, it does not follow that equitable actions are excluded. In Moore et al. v. McDuffie et al. (C.C.A.) 71 F.2d 729, on page 732, the court said: "If there is no federal question to invoke the jurisdiction which rests on diversity only, and there is no federal statute regulating the subject-matter of the suit, the local laws and decisions will be applied. This is true in equity as well as at law. Cyclopedia of Federal Procedure, vol. 2, §§ 403, 404; Mason v. United States, 260 U.S. 545, 43 S.Ct. 200, 67 L.Ed. 396; Walsh v. E. G. Shinner & Co. (C.C.A.) 20 F.2d 586."

We regard this language as particularly applicable to the present situation. This court acquires jurisdiction only by diversity of citizenship. No federal statute regulates the subject, nor is there any federal question involved by which our jurisdiction is invoked. In discussing the effect of state law upon equity actions in the federal courts, the court in Mason v. U. S., 260 U.S. 545, at page 557, 43 S.Ct. 200, 203, 67 L.Ed. 396, said: "Subject to certain exceptions, the statutes of a state are binding upon the federal courts sitting within the state, as they are upon the state courts. One of the exceptions is that these statutes· may not be permitted to enlarge or diminish the federal equity jurisdiction. Mississippi Mills v. Cohn, 150 U.S. 202, 14 S.Ct. 75, 37 L.Ed. 1052. That jurisdiction is conferred by the Constitution and laws of the United States and must be the same in all the states. Neves v. Scott, 13 How. 268, 14 L.Ed. 140. But while the power of the courts of the United States to entertain suits in· equity and to decide them cannot be abridged by state legislation, the rights involved therein may be the proper subject of such legislation. See Missouri, Kansas & Texas Trust Co. v. Krumseig, 172 U.S. 351, 358, 19 S.Ct. 179, 43 L.Ed. 474."

In the same opinion and on the following page, in discussing a line of authorities which seem to give the federal courts an enlarged jurisdiction in equitable matters the court said: "But these decisions relate to the practice, the impairing of jurisdiction, rather than to the determination of the rights of parties after jurisdiction has been acquired."

In the instant case, while the suit is one in equity, the state statute has nothing to do with general principles of equity or with the federal equity jurisdiction, but merely pertains to the manner and conditions on which a right of refund, if any, exists, and must be determined. However appealing the situation may be, the federal court, under the guise of equity principles, can neither create or enforce rights not thus provided.

Appellees sought a refund under section 2 of the Wisconsin statute, chapter 471, Priv. & Loc.Laws 1871, supra, which was denied on account of its unconstitutionality and it is apparent that no relief may be had therefrom. There is, however, another provision of the Wisconsin Statutes (1931) which appellees claim entitles them to relief, as follows: Section 318.01 (2), Stats. "Escheats. In case there shall be no known heir or distributee the personal estate not disposed of by the will shall belong to the state; and all the personal estate of any deceased person, which shall not be claimed by the legatee, heir or distributee within three years after the death of the owner thereof, shall, in like manner, belong to the state, subject in both cases only to the debts, funeral charges and the expenses of administration, and shall be paid to the state treasurer and become a part of the school fund."

Section 318.03, so far as material, provides: "The sum paid by the representative of any estate named in subsection (2) of section 318.01 into the state treasury shall be refunded to the proper owner, who had not before asserted claim thereto, upon his establishing his right to the same as herein provided. Such claimant may, at any time within five years after the payment of such sum into the state treasury, file with the county court of the county where the estate was settled a petition setting forth his right to the sum so paid to the state treasury and the grounds thereof."

The Supreme Court of Wisconsin in Gorny v. State, 212 Wis. 426, 249 N.W. 534, held the county court without power to order the refund as the money had not been paid to the state treasurer. Appellees, being without remedy under the unconstitutional provision and being unable to obtain a refund by virtue of section 318.03, supra, there naturally arises the very serious question as to whether any right of refund is provided under the peculiar circumstances existing. This is particularly true when we keep in mind that this right can exist only as provided by the law of the state. It does not assist in the solution of the question to speculate on what the lawmakers of the state intended or what they would have done in contemplation of such a situation.

It may be a court of equity has a right to apply the maxim, "equity regards that as done which ought to be done," and treat the matter as though the escheated property had been paid into the state treasury, as provided by section 318.01 as it should have been instead of the appellant who was never legally entitled to the same. Indulging in the presumption that we may so treat the matter, but without so deciding, we are then confronted as to what, if any, statute of limitations may be invoked. It will be noted that both the unconstitutional provision and section 318.-03, the latter which must constitute the basis for appellees' right of refund, if such they have, provide that action for such refund must be commenced within five years from time of payment. Payment of the fund in controversy was made February 26, 1926, and this action was commenced September 13, 1935. It is appellees' position, sustained by the court below, that, if any limitation provision of the Wisconsin Statutes is applicable, it is section 330.18 (4):

"330.18 Within ten years. * * *

"(4). An action which, on or before the twenty-eighth day of February in the year one thousand eight hundred and fifty-seven, was cognizable by the court of chancery, when no other limitation is prescribed in this chapter."

It is also urged that no limitation period is binding upon this court in an equitable action. One authority is cited in support of this proposition which we do not regard as applicable. The Supreme Court of Wisconsin in Gottschalk v. Ziegler, 208 Wis. 55, 241 N.W. 713, has held that state statute of limitations is applicable in actions in equity as well as at law. If binding upon the state court, it would seem that such statute would likewise be binding upon a federal court.

We are forced to the conclusion, however, that no general limitation statute is applicable. Both the unconstitutional provision and section 318.03, providing the right of refund, expressly provide that action must be commenced within five years after payment is made. As heretofore concluded, appellees have no right upon which action may be maintained except as that right is expressly given by the state. Assuming, as we have, that appellees have an equitable right under Section 318.03, we are constrained to hold that such right could only be exercised in the manner and within the time which that act provides. It seems illogical to say that appellees may have the benefit of an act without assuming the burdens which it imposes. To hold otherwise amounts to an usurpation by the court of the powers of the Legislature, who alone are invested with authority to make provision for such refund, as well as the time and manner in which action therefor must be brought. It is said, however, that no statute of limitations began to run at the time payment was made to appellant, and that none could become operative until after the termination of the various proceedings in the state court. No authorities are cited in support of such theory, and we know of none. Unfortunate as it may be that appellees have been unable to obtain relief from the state courts of Wisconsin, we can see no reason, based upon law or logic, why such proceedings should toll the running of a limitation period, especially when that period is one of the expressed conditions with which appellees must comply in order to be entitled to the relief sought.

Our conclusion, therefore is, that assuming that such right of refund existed, the time fixed by statute for the exercise of such right had passed long prior to the commencement of the present action. There is no occasion to discuss other questions raised by the appeal.

Decree reversed.